**TRIBUNE v. UNITED STATES.**
No. 189 of 1949.

United States District Court
E. D. of Pennsylvania.
Dec. 29, 1950.

13. Goldey v. Morning News, 156 U.S. 518, 15 S.Ct. 559, 39 L.Ed. 517.

14. Wuchter v. Pizzutti, 276 U.S. 13, 20, 48 S.Ct. 259, 261, 72 L.Ed. 446.

198

Wilfred R. Lorry, and Charles Lakatos, of Freedman, Landy & Lorry, of Philadelphia, Pa., for libellant.

Thomas E. Byrne, Jr., and Springer H. Moore, Jr., of Krusen, Evans & Shaw, of Philadelphia, Pa., for respondent.

BARD, District Judge.

This is a seaman's action in admiralty to recover maintenance and cure from May 29, 1947 to April 3, 1950. On the basis of the pleadings and the testimony. I make the following special

Findings of Fact.

1. The libellant is Samuel L. Tribune, a seaman for the purposes of this libel.

2. The respondent is the United States of America, the owner of the vessel the S. S. "Cornelius Harnett".

3. This action is brought pursuant to the Suits in Admiralty Act[1], and the Clarification Act[2].

4. On January 20, 1945 libellant was found to be suffering from diabetes mellitus, a permanent disease, and he has been taking insulin ever since.

5. From July 7, 1945 to August 24, 1945, libellant was employed as chief cook aboard the "Cornelius Harnett", at which time this vessel was being operated by the Black Diamond Steamship Corporation pursuant to a general agency contract GAA 4-4-42.

6. During his service aboard the "Cornelius Harnett" libellant was deprived of insulin to such an extent that his diabetes was aggravated.

7. Libellant sued the Black Diamond Steamship Corporation, in this Court, Civil Action No. 5743,* and on May 29, 1947 recovered $5,000 in damages for such aggravation and $700 for maintenance and cure[3].

8. Since libellant was found to be diabetic, he has been hospitalized in United States Marine Hospitals as follows:

| Hospital | Admitted | Discharged |
| --- | --- | --- |
| Staten Island, N. Y. | 1/20/45 | 2/26/45 |
| Baltimore, Md. | 8/28/45 | 11/1/45 |
| Baltimore, Md. | 11/30/45 | 12/22/45 |
| Baltimore, Md. | 4/1/46 | 4/10/46 |
| Staten Island, N. Y. | 8/15/46 | 9/5/46 |
| Baltimore, Md. | 9/13/46 | 10/10/46 |
| Staten Island, N. Y. | 4/15/47 | 6/18/47 |
| Savannah, Ga. | 8/4/47 | 8/8/47 |
| Baltimore, Md. | 9/9/47 | 10/1/47 |
| Baltimore, Md. | 12/4/47 | 12/30/47 |

9. Libellant was also given sporatic outpatient treatment for diabetes by the United States Public Health Service Relief Station, Tampa, Florida, from July 31, 1947 to January 11, 1949.

10. While hospitalized as above, libellant underwent operations as follows:
10/15/45—internal and external hemorrhoidectomy

8/30/46—circumcision
9/20/46—right inguinal hernioplasty
5/ 1/47—abscessed tooth extracted
5/15/47—abscessed tooth extracted
6/ 5/47—left inguinal hernioplasty

11. Libellant was also found to be suffering from additional diseases or ailments as follows:
9/29/45—chronic bronchitis

1. Act of March 9, 1920, c. 95, § 1 et seq., 41 Stat. 525, as amended, 46 U.S. C.A. § 741 et seq.

2. Act of March 24, 1943, c. 26, 57 Stat. 45, as amended, 50 U.S.C.A.Appendix, § 1291.

*  No opinion for publication.
3. That case was tried before the decisions in Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692, and Fink v. Shepard Steamship Co., 337 U.S. 810, 69 S.Ct. 1330, 93 L.Ed. 1709.

12/ 1/45—acute frontal sinusitis and chronic bronchitis

4/ 1/46—chronic bronchitis

4/15/47—bilateral pterygium and dental caries

9/ 3/47—conjunctivitis of right eye

9/30/47—myopia axial and presbyopia

12. On August 8, 1947 libellant signed out of the United States Marine Hospital Savannah, Georgia, at his own request and against medical advice. His condition was improved and his diabetes was fairly well controlled, but he was not fit for duty.

13. In every other instance libellant was discharged from the above hospitals in an improved condition and fit for duty either immediately or within six weeks at most.

14. Each time upon discharge from these hospitals libellant's diabetes was under control and his daily insulin dosage was stabilized as follows:

| Hospital | Discharged | Units PZI [4] | Units I [5] |
|---|---|---|---|
| Staten Island, N. Y. | 2/26/45 | 25 | — |

| Hospital | Discharged | Units PZI | Units I |
|---|---|---|---|
| Baltimore, Md. | 11/1/45 | 20 | 10 |
| Baltimore, Md. | 12/22/45 | 25 | 20 |
| Baltimore, Md. | 4/10/46 | 25 | 25 |
| Staten Island, N. Y. | 9/5/46 | 20 | 20 |
| Baltimore, Md. | 10/10/46 | 15 | 20 |
| Staten Island, N. Y. | 6/18/47 | 15 | 20 |
| Savannah, Ga. | 8/8/47 | (See Fact No. 12, supra) | |
| Baltimore, Md. | 10/1/47 | 15 | 30 |
| Baltimore, Md. | 12/30/47 | 15 | 30 |

15. Each time upon entering these hospitals libellant's diabetes was out of control.

16. On January 19, 1949 libellant was declared ineligible to receive further free medical attention from the United States Public Health Service and Marine Hospitals because he had changed his occupation and no longer was a seaman.

17. On March 22, 1950 libellant's diabetes was out of control and he was in need of hospitalization.

18. Libellant either is in need of education as to the proper care of himself or fails to observe the dietary and other requirements that a diabetic must comply with in order to control his diabetes successfully and continually. I find the latter to be the fact.

19. Libellant is emotionally upset and nervous over his physical condition and because he cannot obtain employment.

20. Additional diseases or infections, operations, emotional instability, and failure to observe necessary dietary and other requirements, individually and collectively, hinder or prevent the control of diabetes mellitus and the stabilization of the diabetic's insulin dosage.

21. Without further discussion of the lengthy medical testimony heard in this case, of the nature of diabetes or of libellant's past and present condition, libellant did not establish by a fair preponderance of the evidence that any disability which has continued beyond May 29, 1947 resulted from his deprivation of insulin aboard the "Cornelius Harnett".

22. Under the circumstances of this case, libellant had been cured of the effects of such deprivation of insulin so far as possible sometime before or upon his discharge from the United States Marine Hospital, Staten Island, New York, on June 18, 1947, up to which date he has al-

4. "Units PZI" means the number of units of protamine zinc insulin.

5. "Units I" means the number of units of regular insulin.

ready·recovered, in his prior suit against the Black Diamond Steamship Corporation,[6] all maintenance and cure to which he is entitled.

Conclusions of Law.

1. This Court has jurisdiction of this case.

2. Libellant has failed to prove by a fair preponderance of the evidence that respondent is liable to him for maintenance and cure beyond May 29, 1947.

3. Libellant is not entitled to maintenance and cure for life. Farrell v. United States, 336 U.S. 511, 512–519, 69 S. Ct. 707, 93 L.Ed. 850.

4. Libellant has attained the maximum cure possible from the effects of his deprivation of insulin on or before June 18, 1947, for which he has already received all the maintenance and cure to which he is entitled. Cf. Farrell v. United States, supra.

5. Judgment is hereby entered for respondent United States of America.

---

6. During the trial of that prior suit libellant was on leave from the United States Marine Hospital, Staten Island, N. Y.